IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00042-MEH-PAC

ERIC R. HIGH,

    Plaintiff,

v.

HENRY M. PAULSON, JR., Secretary of the Treasury/IRS,

    Defendant.

## ORDER ON DEFENDANT'S MOTION TO DISMISS

In this *pro se* employment discrimination suit, Defendant has filed a Motion to Dismiss, alleging that Plaintiff failed to exhaust his lawsuit in its entirety (Docket #24). Plaintiff has filed his response and Defendant his Reply. The Court has provided notice to the litigants that it will consider the Motion to Dismiss under a summary judgment standard, and Plaintiff has responded accordingly. Oral argument would not materially assist the Court in adjudicating this motion. For the reasons stated below, the Court **grants** summary judgment for Defendant.

**I.**     **Facts**

In his Amended Complaint, Plaintiff alleges that Defendant terminated his employment on the basis of race, in violation of 42 U.S.C. § 2000e-5. Plaintiff also brings his suit under a "mixed case" theory pursuant to 5 U.S.C. § 1201 *et seq.* For his first claim, Plaintiff alleges that the agency failed to sustain the grounds for termination in proceedings before the Merit Systems Protection Board (MSPB). In the second claim, Plaintiff alleges a wrongful discharge based on race. Throughout the Amended Complaint, the Plaintiff challenges the various findings of the MSPB Administrative Law

Judge who heard this case.

Defendant alleges, and Plaintiff does not dispute, the following chronology of administrative proceedings:

| | |
|---|---|
| March 8, 2003: | Plaintiff is proposed for termination. |
| March 28, 2005: | Plaintiff files a complaint of discrimination with the agency, alleging race discrimination. |
| May 27, 2005: | Plaintiff is terminated. |
| June 20, 2005: | Plaintiff files an appeal of his termination with the MSPB, alleging among other things race discrimination. |
| September 1, 2005: | Defendant issues a letter holding the complaint of discrimination in abeyance due to the election to file with the MSPB. |
| October 4, 2005: | After Defendant moved to dismiss the MSPB case because of the earlier filing of the agency EEOC complaint, the MSPB Administrative Law Judge (ALJ) states in an Initial Decision that, although when the MSPB case was filed it was premature, now that the agency EEOC proceeding was more than 120 days old, Plaintiff had the ability to go to the MSPB pursuant to 5 C.F.R. § 1201.154(b) and, thus, his MSPB mixed case had ripened into a jurisdictionally proper case. Defendant's motion to dismiss is denied. The Initial Decision also affirms the termination on the merits. The ALJ addresses extensively both the procedural grounds for the termination, as well as the allegations of discrimination. The Initial Decision gives Plaintiff 35 days (30 days plus five days mailing) to file a petition for review with the MSPB. If Plaintiff chose that path, the ALJ explained that he had 30 calendar days from the MSPB's decision to appeal to the EEOC. The ALJ also explained Plaintiff's right to file a judicial action on the mixed case with 30 days in lieu of an appeal to the MSPB. Finally, the ALJ explained that if Plaintiff wanted to pursue the nondiscrimination claims only, he could file a petition with the Federal Circuit Court of Appeals within 60 days. |
| October 31, 2005: | Plaintiff files his petition for review with the MSPB. |
| May 12, 2006: | The MSPB denies the petition for review. Plaintiff is advised that he may seek EEOC review by filing a request within 30 days of his |

|                      |                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                   |
|----------------------|---|

                                                              receipt of the MSPB denial. Alternately, he is advised that he may seek judicial review within 30 days of receipt. Finally, he is again advised that if he wants to pursue the nondiscrimination claims only, he may file with the Federal Circuit within 60 days.

July 14, 2006: Having pursued a review of the MSPB decision with the EEOC (the exact date of timely filing not being in this record), the EEOC issues its Decision, affirming the MSPB. Plaintiff is informed that his only option is filing a lawsuit in federal district court within 30 days of receipt of the decision.

August 8, 2006: Prior to the 30 days running for the filing of a federal district court lawsuit, Defendant moves to dismiss the March 2005 EEOC complaint, based on Plaintiff's election to proceed with his MSPB case.

September 20, 2006: An EEOC Administrative Judge (AJ) dismisses the March 2005 complaint based on Plaintiff's pursuing his MSPB case and receiving an adjudication on the merits, including his discrimination claims. The decision is jurisdictional, and the EEOC does not discuss the merits of Plaintiff's claims. The EEOC informs the Defendant that it has 40 days to notify Plaintiff whether it will "fully implement this decision." The EEOC informs the agency that its order "must contain a notice of the complainant's right to appeal to the Office of Federal Operations [and] the right to file a civil action in a federal district court." The September 20, 2006 decision does not notify Plaintiff of any appeal rights other than challenging Defendant's final decision after it is issued, or waiting the minimum 40 days and then filing an appeal to the EEOC if the Defendant fails to issue a final decision.

October 17, 2006: Defendant issues its Final Decision stating that it will implement the September 20, 2006 AJ decision. Defendant informs Plaintiff that he may appeal to the EEOC within 30 days or file a civil action in federal court within 90 days.

January 8, 2007: Plaintiff files this lawsuit.

Defendant moves to dismiss this action based on Plaintiff's failure to file a federal lawsuit within 30 days of receipt of the EEOC's decision reviewing the MSPB denial of his action.

**II.    Discussion**

    A.    <u>Legal Standard for Summary Judgment</u>

A motion for summary judgment serves the purpose of testing whether a trial is required. *Heideman v. South Salt Lake City*, 348 F.3d 1182, 1185 (10th Cir. 2003). The Court shall grant summary judgment if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A fact is material if it might affect the outcome of the suit under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The non-moving party has the burden of showing that there are issues of material fact to be determined. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The moving party bears the initial responsibility of providing to the Court the factual basis for its motion and identifying the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, which reveal that there are no genuine issues as to any material facts, and that the party is entitled to summary judgment as a matter of law. *Id.* at 323; *Maldonado v. City of Altus*, 433 F.3d 1294, 1302 (10th Cir. 2006). If the movant properly supports a motion for summary judgment, the opposing party may not rest on the allegations contained in his complaint, but must respond with specific facts showing a genuine factual issue for trial. *Hysten v. Burlington Northern and Santa Fe Ry.*, 296 F.3d 1177, 1180 (10th Cir. 2002); Fed. R. Civ. P. 56(e). These specific facts may be shown "'by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves.'" *Pietrowski v. Town of Dibble*, 134 F.3d 1006, 1008 (10th Cir. 1998) (quoting *Celotex*, 477 U.S. at 324). "[T]he content of summary judgment evidence must be generally admissible and . . . if that evidence is presented in the form of an affidavit, the Rules of Civil

Procedure specifically require a certain type of admissibility, *i.e.*, the evidence must be based on personal knowledge." *Bryant v. Farmers Ins. Exch.*, 432 F.3d 1114, 1122 (10th Cir. 2005). Finally, "[t]he court views the record and draws all favorable inferences in the light most favorable to the non-moving party." *Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. Pepsico, Inc.*, 431 F.3d 1241, 1256 (10th Cir. 2005).

        B.       <u>Review of Timely Exhaustion under a Rule 12(b)(1) Analysis</u>

The parties' reliance on matters outside the pleadings is appropriate in the context of an employment discrimination case when the defendant moves to dismiss for failure to exhaust administrative remedies. "When a party challenges the allegations supporting subject-matter jurisdiction, the 'court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts.' . . . 'In such instances, a court's reference to evidence outside the pleadings does not convert the motion [to dismiss] to a Rule 56 motion [for summary judgment].'" *Davis ex rel. Davis v. United States*, 343 F.3d 1282, 1296 (10th Cir. 2003) (citation omitted). Exhaustion of administrative remedies is a jurisdictional prerequisite to suit under Title VII. *E.g.*, *Daneshvar v. Graphic Technology, Inc.*, No. 06-3242, 2007 WL 1417285, *3 (10th Cir. May 15, 2007) ("Exhaustion of administrative remedies is a jurisdictional prerequisite to instituting a Title VII action in federal court.' . . . Thus, a district court must dismiss an unexhausted claim for lack of subject matter jurisdiction.") (citations omitted). The same is true for failing to exhaust administrative remedies before the MSPB. *Edwards v. Potter*, 198 Fed. Appx. 736, 737, 2006 WL 2821383, *1 (10th Cir. Oct. 4, 2006) ("'[O]nce a plaintiff chooses to file a mixed case appeal with the MSPB, he must exhaust administrative remedies in that forum prior to filing a civil action in federal district court.'") (quoting *Harms v. IRS*, 321 F.3d 1001, 1009 (10th Cir. 2003)).

These principles apply to a case in which the Plaintiff has *completely* failed to exhaust his claims.

However, "[t]he requirement that a plaintiff file a timely civil action after the disposition of an individual EEO complaint is not a jurisdictional requirement, but rather is subject to waiver, estoppel, and equitable tolling." *Harms v. IRS*, 321 F.3d at 1006. The failure to *timely* exhaust administrative remedies is in the nature of a statute of limitations issue. *Id.* at 1009. Equitable considerations are narrowly construed, *id.* at 1006, and here, Plaintiff has raised no grounds for equitable tolling.

Because the matter before the Court is not jurisdictional, the Court should treat the matter as one for summary judgment under Fed. R. Civ. P. 12(b)(6), because the Court has considered evidentiary materials outside the Amended Complaint. *Douglas v. Norton*, 167 Fed. Appx. 698, 704-05, 2006 WL 137403, at *6 (10th Cir. Jan. 19, 2006). Thus, the Court should consider Defendant's motion as a motion for summary judgment for failure to state a claim.

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Fed. R. Civ. P. 12(b). Rule 56 requires that the party opposing summary judgment be given 10 days' notice prior to hearing the motion, to permit the nonmoving party to file opposing affidavits. *See Marquez v. Cable One, Inc.*, 463 F.3d 1118, 1121 (10th Cir. 2006). The Court has given the Plaintiff the required notice, and he has responded. The matter is ripe for consideration.

The purpose behind the requirement of exhausting a claim with the EEOC is two-fold: It

"protect[s] employers by giving them notice of the discrimination claims being brought against them, in addition to providing the EEOC with an opportunity to conciliate the claim." *Foster v. Ruhrpumpen, Inc.*, 365 F.3d 1191, 1195 (10th Cir. 2004). The Tenth Circuit follows a rule of liberally construing charges of discrimination filed before the EEOC, in order to effectuate the intent of Congress in eliminating discrimination in the workplace. *See e.g.*, *id.*

        C.      <u>Plaintiff's Failure to Exhaust</u>

It is clear to this Court that, for purposes of the current motion, Plaintiff has failed to exhaust his MSPB claim and is barred from pursing his EEOC claim due to his election of an MSPB remedy.

The *Harms v. IRS* decision cited above contains a thorough discussion of Plaintiff's rights, which this Court will not repeat. It is sufficient to note that Plaintiff may pursue *either* a mixed case (*i.e.*, discrimination and procedural errors) with the EEOC, *or* a mixed case with the MSPB. 321 F.3d at 1005. If, as here, the Plaintiff pursues the matter with the MSPB, that body "is required to address both the alleged discrimination and the employment action." *Id.* (citing 5 U.S.C. § 7702(a)(1)). Plaintiff must file an action in federal district court within 30 days of the judicially reviewable action by the MSPB. *Johnson v. United States Postal Serv.*, 64 F.3d 233, 238 & n.1 (6th Cir. 1995), *cited in Martinez v. Slater*, 124 F.3d 217 (Table), 1997 WL 589205, *2 (10th Cir. Sept. 24, 1997)

Normally, whichever case is filed first (mixed case complaint or mixed case appeal) is considered an election to proceed in that forum. 29 C.F.R. § 1613.403; *Martinez v. Slater*, 1997 WL 589205 at *1. In *Martinez*, as here, the plaintiff first attempted to proceed through the agency EEO process when he received a proposed removal, which is not an action reviewable by the MSPB. As here, once the plaintiff was actually terminated, he filed his MSPB appeal. The *Martinez* court noted

that the plaintiff's initial EEO complaint was not a mixed case, because the agency had not yet engaged in an action appealable to the MSPB. *Id.* The subsequent appeal to the MSPB *was* a mixed case and "must be deemed plaintiff's election to challenge his allegedly discriminatory removal through proceedings before the MSPB." *Id.* The Plaintiff's failure to timely pursue the MSPB proceeding through to the federal district court mandated dismissal of the case. *Id.* at *2. "In particular, the still pending EEO complaint could not justify plaintiff's delay in filing this federal action." *Id.* The Tenth Circuit noted that after conclusion of the MSPB proceeding, but before any federal court action was filed, the agency appropriately dismissed the pending EEO matter based on the proceedings before the MSPB.

Thus, in this fact situation, the Court must grant summary judgment for the Defendant based on a failure to timely file a federal court action after conclusion of the MSPB proceedings. Other jurisdictions are in agreement. *Bailey v. Henderson*, 230 F.3d 1357 (Table), 2000 WL 1434634 (6th Cir. Sept. 21, 2000) (affirming summary judgment on identical facts as those presented here); *Davis v. Potter*, 301 F. Supp.2d 850 (N.D. Ill. 2004) (same).

Plaintiff's attempt to belatedly resurrect an EEO complaint that had been superseded by his MSPB action does not affect this result. The most that Plaintiff could assert in this lawsuit is that the EEOC's dismissal of his EEO complaint based on his election of the MSPB proceeding was jurisdictionally erroneous. Plaintiff could not assert the merits of his discrimination claim. Because Plaintiff has not pleaded any claim based on the jurisdictional decision by the EEOC, and because such a claim would, in any event, be frivolous based on the undisputed facts presented here, judgment for the Defendant is the proper legal conclusion of this litigation.

**III.     Conclusion**

Accordingly, for the reason stated above, it is hereby **ORDERED** that the Defendant's Motion to Dismiss [Filed March 28, 2007; Docket #24] is converted to a motion for summary judgment alleging a failure to timely exhaust administrative remedies and is **granted** in full. This case is dismissed with prejudice.[1]

Dated at Denver, Colorado, this 25th day of June, 2007.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

---

[1] Although a dismissal for lack of subject matter jurisdiction, which includes *complete* failure to exhaust, should be without prejudice, *e.g., Strozier v. Potter*, 71 Fed. Appx. 801, 804, 2003 WL 21783813 at *1 (10th Cir. Aug. 4, 2003), a dismissal for failure to *timely* exhaust, in the nature of a statute of limitations, is with prejudice. *Douglas v. Norton*, 167 Fed. Appx. at 711.

9